2024–1020

_____

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

PERSONAL AUDIO, LLC,

*Plaintiff–Appellant*

v.

GOOGLE LLC,

*Defendant–Appellee*

_____

Appeal from the United States District Court for the District of Delaware in no. 1:17-cv-01751-CFC, Chief Judge Colm F. Connolly

_____

## RESPONSE OF APPELLEE GOOGLE LLC TO APPELLANT PERSONAL AUDIO, LLC'S CORRECTED MOTION TO WAIVE CONFIDENTIALITY REQUIREMENTS

_____

Melissa J. Baily
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Phone: (415) 875–6336
E-mail: melissabaily@quinnemanuel.com

Dan L. Bagatell
PERKINS COIE LLP
3 Weatherby Road
Hanover, New Hampshire 03755
Phone: (602) 351–8250
E-mail: DBagatell@perkinscoie.com

Counsel for Google LLC

February 12, 2024

CERTIFICATE OF INTEREST

I certify that the information below is complete to the best of my knowledge.

Date: February 12, 2024  Signature: <u>/s/Dan L. Bagatell</u>

Name: Dan L. Bagatell

| 1. Represented Entity | 2. Real Party in Interest | 3. Parent Corporations and 10% Stockholders |
|---|---|---|
| Google LLC | none | XXVI Holdings Inc.; Alphabet Inc. |

| 4. Other Legal Representatives | |
|---|---|
| from Quinn Emanuel Urquhart & Sullivan, LLP: | Duane R. Lyons<br>Jeff Nardinelli<br>David A. Perlson<br>Owen F. Roberts<br>Olga Slobodyanyuk<br>Antonio R. Sistos<br>Patrick Stafford<br>Charles K. Verhoeven |
| from Morris, Nichols, Arsht & Tunnell LLP: | Jack B. Blumenfeld<br>Cameron P. Clark<br>Brian P. Egan<br>Andrew M. Moshos<br>Jennifer A. Ward |
| from White & Case LLP: | James P. Gagen<br>Leon Miniovich<br>Jeannine Y. Sano<br>Allen Wang<br>Jason Liang Xu |

| from The Heartfield Law Firm: | J. Thad Heartfield |
|---|---|
| from Perkins Coie LLP: | Jonathan I. Tietz |

| **5. Related Cases** |
|---|
| none |

| **6. Organizational Victims and Bankruptcy Cases** |
|---|
| none |

Google supports Personal Audio's corrected motion to waive the confidentiality requirements of Federal Circuit Rule 25(d)(1)(A) and files this response to provide additional justification for the modest confidentiality markings in that brief, all of which relate to Google-confidential information.

Personal Audio's original motion was filed without consultation with Google and sought to mark 541 unique words or numbers as confidential. Dkt. 21. The Clerk rejected the motion as non-compliant for failure to indicate Google's position. Dkt. 23. Personal Audio's revised motion reflects extensive consultation with Google and seeks to redact just 19 unique words or numbers. Dkt. 27. The confidentiality markings fall into two categories: (1) source code for the accused Google Play Music ("GPM") software, *see* Opening Br. 31; and (2) data on the number of installations of the GPM app, *see* Opening Br. 50–52. Personal Audio contends that the former is relevant to Google's alleged infringement under 35 U.S.C. § 271(a) & (b) and that the latter is relevant to Google's alleged infringement under 35 U.S.C. § 271(f). Google disagrees that the marked information proves infringement, but it agrees that that information is highly confidential and should be redacted from public view. Moreover, the redacted information is not necessary for the public to understand the parties' positions in this Court.

As to the source code, this Court has recognized that source code "is often a company's most sensitive and most valuable property." *Drone Techs., Inc. v. Parrot*

*S.A.*, 838 F.3d 1283, 1300 n.13 (Fed. Cir. 2016). Google invests heavily in developing software applications and takes great pains to keep its non-open-source source code confidential so that others cannot copy it. Implementation choices by Google software engineers seek to optimize the code based on numerous competing factors, and making Google's trade secrets public would take away that advantage. During discovery, the source code was produced pursuant to special provisions of the protective order allowing very limited access and copying by Personal Audio's expert. *See*, *e.g.*, Amended Protective Order, *Personal Audio LLC v. Google, Inc.*, No. 17-cv-1751 (D. Del. Mar. 27, 2017), Dkt. No. 51 ¶¶ 4, 8, 10–11, 15, 21–22; Trial Transcript, *id.*, Dkt. No. 874 at 445:12–16. At trial, the district court allowed public disclosure of how the accused software operates at a functional level, but Google requested that access to the detailed source code itself be limited to outside counsel, court personnel, and the jury. Accordingly, source code was shown to the jury but not visible to the public. *E.g.*, Trial Transcript, *id.*, Dkt. No. 874 at 446:8–14. The court agreed that the source code would retain its confidential status, *id.* at 460:10–16, and Google retrieved all source-code printouts from the court shortly after trial.

On appeal, Google has requested redaction only of a few lines of source code and one word of a preceding sentence containing Personal Audio's characterization of a command. *See* Opening Br. 31. That code is at most a secondary aspect of Personal Audio's argument on one issue, and the detailed operation of the code is

– 2 –

not necessary for the public to understand Personal Audio's position. (Google believes the code itself proves nothing, but that argument is for another day.)

As to the installation information, Google strictly maintains the confidentiality of detailed data about geographic distributions of its apps. Disclosure of this information would give competitors insights into Google's decisions and processes. The information designated here was labeled "highly confidential" under the protective order, and it was redacted in public versions of the summary-judgment briefing and orders in this case.

On appeal, Google has not objected to public disclosure of the cities around the world where it has or had data centers, and it has not objected to public disclosure of the fact that U.S. servers provide updates to U.S.-based devices, whereas non-U.S. servers provide updates to non-U.S.-based devices. Google has requested redaction only of specific installation numbers for the GPM app. The precise numbers are not critical to public understanding of Personal Audio's arguments. (Google contends that they do not support Personal Audio's arguments, but that again is an issue for another day.)

Because the requested redactions have been carefully limited, are warranted, and barely exceed the presumptive limit in this Court's rules, Google supports Personal Audio's motion and requests that the Court grant it.

Respectfully submitted,

PERKINS COIE LLP
by /s/Dan L. Bagatell
Dan L. Bagatell

Counsel for Google LLC

**CERTIFICATE OF COMPLIANCE WITH TYPE–VOLUME LIMITATION**

1.  This motion complies with the type–volume limitation of Federal Circuit Rule 27(3)(2) because it contains 718 words, excluding the portions exempted by rule.

2.  This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft® Word software and 14-point Times New Roman type.

Dated: February 12, 2024 /s/Dan L. Bagatell
Dan L. Bagatell